**LESSARD, et al., Plaintiffs,**

v.

**CITY OF ALLEN PARK,
et al., Defendants.**

**No. CIV 00–74306.**

United States District Court,
E.D. Michigan,
Southern Division.

March 10, 2006.

Peter W. Macuga, II, Steven D. Liddle, Detroit, MI, for Plaintiffs.

Kenneth A. Slusser, Johnson, Rosati, Farmington Hills, Kurt M. Brauer, R. Craig Hupp, Bodman, Longley, Detroit, MI, Geoffrey H. Seidlein, Stacey L. Hissong, Thomas A. Bengtson, Hubbard, Fox, Lansing, MI, for Defendants.

### *OPINION AND ORDER*

### *ORDER ADOPTING REPORT AND RECOMMENDATION OF SPE-CIAL MASTER AND AUTHORIZ-ING DISTRIBUTION OF FUNDS TO CLAIMANTS, ATTORNEYS, AND DEPOSITORY BANK*

FEIKENS, District Judge.

I have reviewed the Report and Recommendation of Special Master Ronald Longhofer Regarding Proposed Distribution List and Final Attorney Fee, submitted pursuant to the Order Appointing Special Master and Establishing Procedures for Administration of Settlement, and the Or-

der Granting Motion of Plaintiffs' Class Counsel for Costs and Attorney Fees. No objections to the Special Master's Report and Recommendation have been filed.

The Report and Recommendation shows both care and thoroughness on behalf of the Special Master. I hereby adopt the Report and Recommendation in its entirety. Therefore, I authorize (1) that distribution be made to the claimants in accordance with the Special Master's recommendations; (2) that the final payment be made to Plaintiffs' attorneys in accordance with the Special Master's recommendation; and (3) the fees of Comerica Bank be automatically debited in accordance with the Special Master's recommendation.

I await the Special Master's verification that these payments have been made and his request for the final payments to himself and the Garden City Group, Inc.

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARD-ING PROPOSED DISTRIBUTION LIST AND FINAL ATTORNEY FEE*

RONALD S. LONGHOFER, Special Master.

This report and recommendation is made pursuant to the Order Appointing Special Master and Establishing Procedures for Administration of Settlement, dated February 23, 2005 (the Administration Order). For the reasons discussed below, the Special Master recommends that the Court now approve the final distribution[1] to the class of the amount re-

---

**1.** The Administration Order provides for an initial distribution with a reserve for opt out claims, paragraph 3(h)-(i), followed by a final distribution after opt out claims are determined. Paragraph 3(1). As there were no

class members who opted out of the settlement, there is no need for a bifurcated distribution process, and the settlement funds may all be distributed at this time.

maining in the settlement fund after the payment of the remaining attorney fees and expenses of administration.

## BACKGROUND

These consolidated class actions arose out of basement flooding that occurred during the period September 10–12, 2000. A settlement was reached among the parties, and documented in the Class Action Settlement and Release Agreement (Settlement Agreement), filed herein on February 25, 2005. The settlement was approved at a hearing held on April 5, 2005. See Order Approving Class Action Settlement and Awarding Attorney Fee, dated April 5, 2005, and Opinion and Order, dated June 6, 2005. The settlement created a common fund in the amount of $12,750,000 for the benefit of the class (the Initial Class Settlement Fund).

The Court's Order Granting Motion of Plaintiffs' Class Counsel for Costs and Attorney Fees, dated April 5, 2005 (Costs and Fees Order), awarded Plaintiffs' Class Counsel an attorney fee of one third of the difference between the Initial Class Settlement Fund and the costs awarded by the Court after the Special Master's audit of the claim for costs submitted by Plaintiffs' Class Counsel. The Special Master audited the claim for costs and filed a Report and Recommendation on July 14, 2005, recommending an award of costs in the amount of $335,478.25 (the Initial Costs Award), of which $292,428.25 would be paid to Plaintiffs' Class Counsel directly, and the balance of $43,050.00 would be paid directly to Stonier Consulting Services, one of Plaintiffs' experts. Plaintiffs' Class Counsel did not object to this award, and the Court entered an Order Adopting Report and Recommendation of Special Master and Authorizing Payment for Attorneys' Costs, dated July 18, 2005, authorizing payments in the recommended amounts from the settlement fund. These costs were paid from the settlement fund on August 2, 2005.

On September 27, 2005, Plaintiffs' Class Counsel filed their Motion for Payment of Attorney Fees and Additional Costs, which the Court referred to the Special Master for a report and recommendation. In the Report and Recommendation of Special Master Regarding Motion for Payment of Attorney Fees and Additional Costs, dated November 18, 2005, the Special Master recommended that Plaintiffs' Class Counsel be paid the amounts of $19,956.81 in additional costs incurred during settlement administration (the Additional Costs Award), and $3,000,000 as a progress payment toward the total attorney fee, noting that "[t]he balance of the attorney fee will be the total fee calculated as provided in the Costs and Fees Order (after accounting for all expense reimbursements to Plaintiffs' Class Counsel), less the $3,000,000 progress payment." The Court approved these payments in its Order of November 28, 2005, directing that the funds be paid to the firm of Macuga & Liddle, for distribution to counsel for Plaintiffs in accordance with paragraph 27 of the Settlement Agreement. The Order further provided: "When the Special Master and Class Counsel have completed their duties, the final attorney fee will be calculable, and a motion for the remainder of the fees and costs can be made at that time." The additional costs and attorney fee progress payment were disbursed from the settlement fund as directed by the Court.

## THE PROPOSED DISTRIBUTION LIST

Under the Administration Order, class members who wished to participate in the settlement were required to submit timely damage estimate forms to Plaintiffs' Class Counsel. Administration Order, para-

graph 3(a). Plaintiffs' Class Counsel were then required to maintain custody of the claim forms and supporting documentation, tabulate pertinent information in spreadsheet format, determine tentative approved claim amounts (subdivided into business loss, out-of-pocket expenses, personal property damage, and/or real property damage), and submit the spreadsheet to the Special Master within 90 days after the deadline for submitting claims. Administration Order, paragraphs 3(b)-(d). Plaintiffs' Class Counsel received a total of 3,195 separate claims[2] from class members, and performed the above duties in a timely manner.

Upon receipt of the spreadsheet containing the tentative approved claim amounts from Plaintiffs' Class Counsel, the Special Master audited the claims, and the underlying documentation, on a sampling basis, and created a list of approved claim amounts as required by paragraph 3(d) of the Administration Order. The Special Master provided the list of approved claim amounts to Plaintiffs' Class Counsel, who mailed, on or about October 30, 2005, notices of the approved claim amounts to all claimants whose approved amounts were less than the amount claimed on their damage estimate forms. The claimants receiving such notices had 30 days to submit objections to their approved claim amounts; if no timely objections were filed, the approved claim amounts were deemed final. Administration Order, paragraph 3(e).

Objections were received from 28 claimants. The claim forms and underlying documentation received from the objecting claimants were thoroughly reviewed by the Special Master. Pursuant to paragraph 3(f) of the Administration Order, the Special Master consulted with Plaintiffs' Class Counsel with regard to the objections, and the Special Master wrote letters to the objecting claimants requesting additional documentation where appropriate. Some of the objecting claimants provided additional documentation to the Special Master in response to these requests. In addition, several of the objecting claimants provided additional information by telephone.

■ Following review of all of the information received with respect to the claims of the objecting claimants, the Special Master made adjustments to certain of the approved claim amounts. Pursuant to paragraph 3(g) of the Administration Order, the Special Master has prepared a Proposed Distribution List, which has been reviewed by Plaintiffs' Class Counsel, and is being submitted to the Court separately for *in camera* review to protect the privacy of the claimants. The total of the approved claim amounts on this list comes to $24,439,738.98. Pursuant to paragraph 3(h)-(i) of the Administration Order, if the Proposed Distribution List is approved by the Court, a distribution is to be made to the claimants, consisting of the amount on deposit in the settlement fund, including interest (after taxes thereon), less the final attorney fee and expenses of administration. Each claimant is to receive a fraction of the amount available for distribution, the numerator of which is that claimant's approved claim amount, and the denominator of which is the total of all approved claim amounts.

### FINAL ATTORNEY FEE AWARD

■ Under the Settlement Agreement, the total attorney fee to be awarded is one-third of the difference between (a) the Initial Class Settlement Fund ($12,750,000) and (b) the sum of the Initial Costs Award ($335,478.25) and the Additional Costs

---

**2.** Some class members owned more than one property affected by the flooding, and submit- ted a separate claim for each such property.

Award ($19,956.81). This amount is 1/3 * [$12,750,000—($335,478.25 + $19,956.81)] = $4,131,521.65. Plaintiffs' Class Counsel have advised the Special Master that no further costs will be sought. Accordingly, the final attorney fee award is $4,131,521.65 less the $3,000,000 progress payment already made, for a total of $1,131,521.65. The Special Master recommends that this amount be paid to the firm of Macuga & Liddle, for distribution to counsel for Plaintiffs in accordance with paragraph 27 of the Settlement Agreement.[3]

## FINAL EXPENSES OF ADMINISTRATION

█ The estimated final expenses of administration will consist of the fees of the settlement administrator, The Garden City Group, Inc. ($19,529.27); the depositary bank, Comerica Bank ($3,500); and the Special Master ($7,562.50), for a total of

$30,591.77. Invoices for the fees and expenses of the Garden City Group, Inc. and the Special Master will be submitted separately for approval by the Court upon the completion of settlement administration. The fees of the depositary bank are to be debited automatically to the settlement fund account pursuant to the bank's depositary agreement.

## ESTIMATED PAYOUT TO THE CLASS

Because the settlement fund will earn interest up to the time of the distribution, and the final expenses of administration can only be estimated at this time, only an approximate percentage payout to the class can be determined. If the Court approves the amounts recommended herein, and the distribution is made on or about March 15, 2006, the funds available for distribution will be approximately as follows:

| | |
|---|---|
| Amount on deposit in settlement fund as of 1/31/06 | $9,486,403.24 |
| Estimated interest through 3/15/06 | 75,000.00 |
| Less: Final Attorney Fee | (1,131,521.65) |
| Less: Estimated taxes on interest earned | (21,889.00) |
| Less: Estimated final expenses of administration | (30,591.77) |
| Estimated funds to be available for distribution | $8,377,400.82 |

On these assumptions, under the formula contained in paragraph 3(h) of the Administration Order, the payout to the class will be approximately 8,377,400.82/24,439,738.98 = 34.3% of the approved claim amounts. Due to the interest accrued during settlement administration, the amount

available for distribution, after subtracting taxes and expenses of administration, will have grown by around $115,000 since the settlement date.[4]

**3.** While the Court's November 28, 2005 Order provided that a motion for the final attorney fee and costs could be made upon completion of Plaintiffs' Class Counsel's duties, in light of the fact that no further costs are being sought, and the amount of attorney fees can accordingly be calculated from the face of the Costs and Fees Order and the subsequent court-approved cost awards, in the opinion of the

Special Master a further motion is no longer necessary.

**4.** At the settlement date, the Initial Class Settlement Fund was $12,750,000. After deducting attorney fees and costs, the amount remaining at that time would have been $8,263,043.29.

## CONCLUSION

The Special Master recommends that a final attorney fee award of $1,131,521.65 be paid to the firm of Macuga & Liddle, for distribution to counsel for Plaintiffs in accordance with paragraph 27 of the Settlement Agreement. Further, the Special Master recommends that the claim amounts in the Proposed Distribution List be approved by the Court.

February 20, 2006.